UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE LASALLE GROUP, INC.,

        Plaintiff,

                                                              Case No. 10-11328

v.                                                            Honorable Julian Abele Cook, Jr.

TIGER MASONRY, INC.,
LYNN PENDLETON, and
MARCIA PENDLETON,

        Defendants.

ORDER

On February 4, 2010, the Plaintiff, LaSalle Group, Inc. ("LaSalle"), filed a complaint in the Wayne County Circuit Court of Michigan ("Wayne Circuit") against the Defendants, Tiger Masonry, Inc. ("Tiger"),[1] Lynn Pendleton, and Marcia Pendleton, for claims arising out of a subcontract agreement and an associated guaranty. On April 2, 2010, Tiger filed a notice of removal to this Court on the basis of its diversity jurisdiction. Toward the end of the month (April 29, 2010), LaSalle moved to remand the case to the Wayne Circuit, followed by Tiger's response in opposition.

LaSalle's motion was referred to Magistrate Judge Virginia Morgan for her evaluation. On August 3, 2010, Magistrate Judge Morgan, after hearing oral arguments in support of, and in opposition to, the pending motion, filed a report in which she recommended that (1) LaSalle be

---

[1] The claims in this litigation arose from a contract that had been executed by Tiger Masonry, LLC, to which one of the Defendants, Tiger Masonry, Inc., is the successor in interest.

granted leave to amend its complaint to eliminate its guaranty-based claims against two of the Defendants, Lynn Pendleton and Marcia Pendleton, and (2) the motion to remand by LaSalle be granted and this action be returned to the appropriate state court. As of this date, no objections have been filed by any of the parties. For the reasons that have been set forth below, this Court adopts the report of Magistrate Judge Morgan, including her recommendations, in its entirety.

I.

On September 19, 2008, Tiger, while acting as a subcontractor, reached an agreement with LaSalle, as the general contractor, wherein it would perform and complete the masonry work for the construction of an elementary school in Mississippi for the sum of $535,000.00. The parties' subcontract agreement, which was signed on Tiger's behalf by Lynn Pendleton, included a dispute resolution clause that stated, in relevant part, as follows:

> In the event that a dispute between the Subcontractor and Contractor is to be resolved by litigation in court, depending upon the jurisdictional amount, the dispute may only be commenced and maintained in the Circuit Court for the County of Wayne, State of Michigan, or in the District Court for the 35th District, State of Michigan.

(Subcontract, Additional Subcontract Terms and Conditions, at ¶ 13.2, attached as Ex. A to the Compl.).

On November 1, 2008, Lynn Pendleton and Marcia Pendleton are alleged to have executed a guaranty wherein the guarantors "absolutely, unconditionally and irrevocably guarantee[d] to LaSalle the full and complete performance" of Tiger's obligations under the subcontract agreement.[2] (Guaranty at ¶ 1, attached as Ex. B to the Compl.). This guaranty included a venue provision which stated, in relevant part, that "[t]he Guarantor in any suit brought under this

---

[2] Marcia Pendleton denies having signed the guaranty.

2

Guaranty does hereby submit to the jurisdiction of the courts of the State of Michigan and to venue in the circuit courts of Oakland County, Michigan and the Federal District Court for the Eastern District of Michigan and venue therein." (*Id.* at ¶ 6).

LaSalle filed a lawsuit in the Wayne Circuit on February 4, 2010, in which it proffered two counts; namely, (1) a breach of the subcontract, and (2) a violation of the guaranty due to the failure of the Defendants to ensure Tiger's complete performance under the parties' subcontract. Subsequent to their receipt of the complaint on March 8, 2009 and April 2, 2010, respectively, Tiger and Lynn Pendleton filed a notice of removal of the litigation to this federal court pursuant to 28 U.S.C. § 1441 and § 1446 on the basis of its diversity of citizenship jurisdiction.[3] On April 2, 2010, Tiger filed a four-count counterclaim against LaSalle.[4] On April 29, 2010, LaSalle filed a motion to remand the litigation to the Wayne Circuit pursuant to 28 U.S.C. § 1447(c). This motion is now before the Court for its evaluation.

II.

In support of its motion to remand, LaSalle asserts that the Defendants are precluded from removing this action from the state court because the forum selection clause in the subcontract constituted a waiver of the right of removal. However, the Defendants counter that (1) the cited clause does not contain the clear and unequivocal language which is necessary to constitute a waiver; and (2) the guaranty explicitly provides that this Court (i.e., the United States District Court for the Eastern District of Michigan) is a proper venue for those disputes which arise from the

---

[3] Although Marcia Pendleton was not served in the state court action, she consented to its removal to this federal court.

[4] On March 11, 2010, Tiger filed a complaint in the United States District Court for the Southern District of Mississippi for claims that arose out of the parties' subcontract.

3

guaranty.

Addressing the Defendants' second argument, LaSalle submits that the venue clause in the guaranty cannot govern this case because the guaranty-based claim is collateral to the subcontract-based claim. In advancing this argument, LaSalle contends that there cannot be a violation of the guaranty clause if there is no breach of the underlying subcontract.[5] LaSalle also theorizes that the Defendants' removal may have been an ill-advised first step in a legally improper tactical maneuver which was designed to secure a transfer of this case to the federal court in Mississippi in clear violation of any reading of the forum selection clauses.[6]

III.

According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."[7] While the right of removal is a statutory right, it is a procedure that can be waived - but only if the waiver is "clear and unequivocal." *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990); *In re Delta Am. Re Ins. Co.*, 900 F.2d 890 (6th Cir.

---

[5] During the oral argument on this motion, LaSalle expressed a willingness to amend its complaint by eliminating the claims against the two Pendleton Defendants arising from the guaranty.

[6] Magistrate Judge Morgan's report indicates that the Defendants, in response to direct questioning, refused to discuss whether this was their strategy.

[7] The Court notes that Magistrate Judge Morgan's report cites language in 28 U.S.C. § 1441(b) that pertains only to jurisdiction based on the existence of a federal question. Here, however, the jurisdiction of the district court is based on diversity of citizenship. Removal based on diversity - as opposed to the existence of a federal question - is subject to the additional limitation under § 1441(b) that the lawsuit is not removable if any defendant is a citizen of the state in which the action was first filed. This limitation does not apply here inasmuch as all of the Defendants are citizens of Mississippi.

4

1990).

Both *Regis* and *In re Delta* involved contracts between American and foreign companies - a fact that weighed heavily in the conclusion by the courts that there was no waiver. In each case, the court opined that it was the parties' intent to ensure that the foreign companies would submit to the jurisdiction of a United States court rather than focusing on the type (i.e., federal versus state) of court. *Regis*, 894 F.2d at 195; *In re Delta*, 900 F.2d at 893 ("It would be more appropriate to describe [the forum selection clause] as a 'submit to the jurisdiction of a court within the United States' clause."); *see also Titan Finishes Corp. v. Spectrum Sales Group*, 452 F. Supp. 2d 692, 694 (E.D. Mich. 2006). Furthermore, the *In re Delta* court reasoned that the national interest in "the development of a uniform body of law is served when cases involving foreign sovereigns or their agencies are tried in a federal forum." *In re Delta*, 900 F.2d at 894. *In re Delta* seemingly limited its stringent test for waiver to those circumstances involving foreign litigants. *See id.* (emphasis added) ("In order to provide maximum guidance *for future cases involving foreign states*, we hold that any claimed waiver of the right of removal stemming from contractual language must be explicit.").

Nevertheless, these cases have come to stand for the broader proposition within the Sixth Circuit that a contract provision does not waive the right of removal unless it is "clear and unequivocal." *See, e.g.*, *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 Fed. Appx. 884, 886 (6th Cir. 2009) (quoting *Regis*, 894 F.2d at 195) ("The statutory right of removal of a case from state to federal court under § 1441 is a right that can be waived, but such waiver must be 'clear and unequivocal.'"); *Titan*, 452 F. Supp. 2d at 694 (emphasis omitted) ("[*Regis* and *In re Delta*] hold that the law in the Sixth Circuit requires the waiver of the right of removal to be clear and

unequivocal.").

Tiger contends that LaSalle's citations to cases from the Third Circuit Court of Appeals ("Third Circuit") and several United States district courts - all of which held that the right of removal had been contractually waived - are inapplicable and should not be persuasive because the Sixth Circuit does not follow that line of cases. The Court agrees. The cases cited by LaSalle are of little relevance here because they do not apply a test that even approximates the "clear and unequivocal" standard of the Sixth Circuit. Moreover, the Third Circuit has expressly rejected the "clear and unequivocal" standard the Sixth Circuit applied in *Regis* and *In re Delta*. *See Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1217 n.15 ("In the context of a contractual [as distinct from a litigation-based] waiver . . . we do not perceive the need for the 'clear and unequivocal' standard. . . . [That standard] fails to consider the *constrictive* rather than *expansive* nature of the right of removal, in addition to serving no meritorious policy of litigation. . . . We think the 'clear and convincing' standard so stringent as to be contrary to the right of the parties to contract in advance regarding where they will litigate."). Whatever the merit of the approach taken by the Third Circuit may be, it is clear that it is not the standard in the Sixth Circuit. Thus, the cases cited by LaSalle are neither controlling nor persuasive in this matter, as the Sixth Circuit has established a higher threshold for finding waiver of the right of removal than have other circuits.

In the Sixth Circuit, contract provisions that require submission to a particular court's jurisdiction or identify which forum's law will apply, but do not explicitly state that the specified court is the only proper forum, have been found not to constitute waivers of a party's right to remove. *See, e.g.*, *In re Delta*, 900 F.2d 890 (submission to jurisdiction of any United States court

that plaintiff may choose is not waiver of right to remove);[8] *Regis*, 894 F.2d 193 (Michigan choice-of-law clause and submission to state courts' jurisdiction are not waivers).[9] Accordingly, these clauses were held to simply *allow* state court jurisdiction without speaking to whether *only* the state court had jurisdiction.

Relying upon *Regis*, the Sixth Circuit held that a clause which provided that the plaintiff "agrees to submit to the exclusive personal jurisdiction of, and not commence any action in other than, a competent State court in Michigan" did not waive the right to remove. *EBI-Detroit, Inc. v. City of Detroit*, 279 Fed. Appx. 340, 346-47 (6th Cir. 2008); *see also Power Mktg. Direct, Inc. v. Pagnozzi*, No. C2-05-766, 2006 WL 1321029, at *3 (S.D. Ohio May 12, 2006) (clause requiring action to be *filed* in state court does not require action to *remain* there). The *EBI-Detroit* court noted that a clause could not be construed as a waiver by the defendant where it bound only the plaintiff and mentioned neither removal nor the party seeking it. *Id.* at 347. Likewise, a clause that provided that "[a]ll disputes . . . shall be resolved in" two specified state courts did not waive the right of removal because it neither mentioned removal nor explicitly waived that right. *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 Fed. Appx. 884, 888 (6th Cir. 2009).

While the Sixth Circuit requires a waiver to be "explicit," it has not held - to date - that a

---

[8] The contract provided that "the Reinsurers hereon, at the request of the [plaintiff] will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court." *In re Delta*, 900 F.2d at 892.

[9] The parties' contract provided that "[t]he interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts." *Regis*, 894 F.2d at 194.

7

waiver will be found only where the clause in question uses those "magic words" which specifically relinquish the right of removal. *Power Mktg. Direct, Inc. v. Moy*, No. 2:08-cv-826, 2008 WL 4849289, at *5 (S.D. Ohio Nov. 6, 2008) ("[E]ven courts requiring a clear and unequivocal waiver do not mandate use of 'magic words' expressly referring to the right of removal."). Moreover, the Sixth Circuit has repeatedly insisted that the general contract interpretation principles of vindicating the parties' intent and giving words their ordinary meaning apply to purported waivers of the right to remove.[10] It is difficult to imagine why interpretive principles would be necessary if only the specific language "I hereby waive the right to remove" could suffice. Assuming, then, that a waiver can be explicit without using the exact words "waiver of right to remove," the clause at issue here would appear to clearly and unequivocally waive the right of removal. It expressly mandates that litigation may *only* commence in the specified state courts *and* that it must remain there throughout.

This is not a clause which requires the parties to submit to the jurisdiction of a particular court without indicating that other courts are not proper forums. Nor is it a clause which specifies the law of the forum which will apply without identifying the court that will apply the law. Indeed, not only is the plain meaning of the contractual provision (i.e., "the dispute may only be

---

[10] *See, e.g.*, *Cadle*, 307 Fed. Appx. at 886 (citations omitted) ("General principles of contract interpretation apply when determining whether a clause explicitly waives the right of removal. Consequently, the language being interpreted should be given its ordinary meaning, the intent of the parties is relevant, and ambiguities are to be resolved against the drafter."); *In re Delta*, 900 F.2d at 892-93 ("A forum selection clause . . . is part of a contract, and principles of contract interpretation apply. In interpreting disputed contract provisions, we generally start by attempting to discern the intent of the parties. . . . Another cardinal principle of contract interpretation is that the language being interpreted should be given its ordinary meaning."). As Magistrate Judge Morgan noted, the principle of interpreting ambiguities against the drafter is of little importance here, as that principle "is an interpretive aid of greater value when dealing with contracts of adhesion or contracts negotiated between parties of unequal sophistication or bargaining power," *In re Delta*, 900 F.2d at 893 n.4, neither of which is the case here.

commenced and maintained in [the specified courts]") that any litigation must begin, continue, and end in those courts and only those courts, but one would have to strain these words far beyond their ordinary meaning to ascribe to them any other purpose or effect. Therefore, the forum selection clause within the subcontract constitutes a "clear and unequivocal" waiver of the right of removal. If this case included only the subcontract-based claim, a remand to the Wayne Circuit would be proper.

IV.

While the language within the subcontract clearly and unequivocally waives the right of a party to remove, the terms of the guaranty just as clearly and unequivocally do not. Significantly, LaSalle does not contend that Tiger waived its right of removal by virtue of the guaranty's venue clause, and nor could it make such an argument. The guaranty specifies that venue is proper in the circuit courts of Oakland Country, Michigan *and* the Federal District Court for the Eastern District of Michigan. The guaranty-based claim, therefore, is removable and thus is properly before the Court.

The Court does not find LaSalle's contention (to wit, Tiger's "arguments regarding the Guaranty and its venue provisions are irrelevant to [its] Motion to Remand" because the question of whether the guaranty was breached necessarily requires an initial resolution of whether the underlying subcontract was breached) to be persuasive. (Pl.'s Reply Br. at 4 n.2). Even if the guaranty claim is dependent upon the subcontract claim, the Court cannot ignore the implications of LaSalle's decision to file claims on the basis of each agreement. Because LaSalle filed a claim for an "Action on Guaranty," the venue provision contained within the guaranty is, perforce, relevant to the issue of remand.

9

Nevertheless, the Court agrees with Magistrate Judge Morgan's conclusion that the most efficient solution to the problem of one count being removable and the other not - assuming LaSalle's continued willingness to do so - is to grant LaSalle leave to amend its complaint to remove its admittedly collateral action on the guaranty against Lynn Pendleton and Marcia Pendleton.[11] Thus, under the circumstances, all that would remain is the claim by LaSalle for the alleged breach of its subcontract with Tiger as the sole Defendant.

V.

For the reasons that have been outlined above, the Court adopts all of the recommendations within the Report of Magistrate Judge Morgan. Hence, LaSalle is granted leave to amend its complaint to remove the guaranty-based claims against the two Pendleton Defendants; providing that the amended complaint must be filed with the Court within a period of ten (10) days from the date of this order. If LaSalle files a modified complaint within the above-described period of time, the Court will grant LaSalle's motion to remand and its remaining claim for breach of contract against Tiger will be returned to the Wayne Circuit for such action as may be appropriate.

IT IS SO ORDERED.


Dated: October 15, 2010          s/Julian Abele Cook, Jr.
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                                  United States District Court Judge

---

[11] The Court notes that, although Tiger filed a counterclaim against LaSalle, its claims arise from the subcontract and not from the guaranty. Neither Lynn Pendleton nor Marcia Pendleton filed counterclaims. Therefore, the Court concludes that none of the Defendants would be prejudiced by the removal of the guaranty-based claims from this action.

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 15, 2010.

                                                s/ Kay Doaks
                                                Case Manager